# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 3489 | **DATE** | 1/25/2012 |
| **CASE TITLE** | Wright vs. City of Chicago | | |

**DOCKET ENTRY TEXT**

Defendants' motion to enforce settlement are granted [180] [190]. The City is directed to provide checks as follows: two for the attorneys' fees and expenses detailed herein, one to St. Francis Hospital in the amount of $3,014.35, which shall discharge its lien against Mr. Wright, and a check to Shawn Wright in the amount of the settlement, less the amounts for fees, expenses and lien. When this is complete, the parties shall notify the court, and this case will be dismissed with prejudice. Motion for attorney fees and costs [188] is granted. Motion to withdraw as counsel for the plaintiff by Michael Rothmann [186] is also granted.

■[ For further details see text below.]  Docketing to mail notices.

01:45

## STATEMENT

Defendants' motion to enforce settlement is granted. I have heard testimony from plaintiff's attorney, Michael Rothmann, and from plaintiff, Shawn Wright. I conclude that Mr. Wright gave Mr. Rothmann, oral authority to settle this case for the amount of $96,000.00. Mr. Wright subsequently refused to sign the settlement agreement, arguing initially about certain expenses. In response to defendants' motion to enforce the settlement agreement, Mr. Wright now argues that he never agreed to a settlement unless three stipulations were met. At the evidentiary hearing on the motion, Mr. Wright could only remember two of the alleged stipulations. The first was that the settlement had to include an admission of liability or an apology from someone connected with the City. Mr. Rothmann testified credibly that initially Mr. Wright did ask for this, but that after he explained that he was unlikely to be able to get defendants to agree to this condition, Mr. Wright dropped that request. Mr. Wright says his second required stipulation was that $1,000.00, an impoundment fee owed by the City, be paid to him before he would discuss settlement. Mr. Rothmann testified that Mr. Wright did want the $1,000.00 to be paid in addition to the amount agreed upon, which was the reason the original amount of $95,000.00 was increased to $96,000.00. I find that this is all that Mr. Wright demanded. Considering that this case had been set for trial that was to begin within weeks of these negotiations (which were taking place in November, with the trial to begin in early January, 2012), any other understanding does not make sense. I find in general that Mr. Rothmann's testimony that Mr. Wright did agree to the settlement in question is credible, and Mr. Wright's inconsistent testimony to the contrary is not credible. I also find that the parties reached settlement on all essential terms of the contract of settlement. That contract is governed by Illinois law. E.g., *Dillard v. Starcon International, Inc.,* 483 F.3d 502, 507 (7th Cir. 2007). The oral agreement is enforceable. *Id.*

     Michael Rothmann has also filed a petition for attorneys' fees and costs. In response to defendants' motion to enforce the settlement, and at the hearing on the motion, Mr. Wright argued that he never agreed to pay Mr. Rothmann and his firm a third of the settlement. It is true that the signed agreement between them only mentions one incident, an occurrence in July, 2008, but that is because the original lawsuit encompassed

only one incident.  However, three additional incidents were added to the lawsuit as Mr. Wright's disagreements with the police continued.    Mr. Wright testified about these incidents in his deposition and Mr. Wright received the amended complaints from his counsel, as well as briefs on summary judgment. Mr. Wright participated by telephone in a settlement conference with Magistrate Judge Brown, at which all of the incidents were discussed.  I do not find Mr. Wright's testimony credible that he did not authorize Mr. Rothmann to prosecute his claims in connection with these incidents.  I also do not find Mr. Wright's claims credible that he did not see the substantial paperwork involved in all of these claims.

There can be no question but that Mr. Rothmann has earned the fees requested.  He obtained a very favorable settlement for his client after an extensive amount of work, which included filing various complaints as the incidents involving the police and Mr. Wright increased, substantial discovery, various court appearances, a summary judgment motion, preparing a pretrial order, negotiating down a lien filed by a hospital against Mr. Wright, substantial settlement discussions.  As Mr. Rothmann notes in his petition,  if fees were awarded on a *quantum meruit* basis, rather than contract, the fees (for time that has exceeded 750 hours) would be more than Mr. Wright's recovery.  Mr. Wright complains that a referring attorney will get some of the fees but that since the amount comes out of Mr. Rothmann's one third (and indeed was specifically authorized by the fee agreement between Mr. Wright and Mr. Rothmann) that is none of his concern.  I note that the attorney apparently represented Mr. Wright, along with Mr. Rothmann's law firm, in the various criminal trials and administrative hearings related to this case.  Neither has Mr. Wright shown that Mr. Rothmann's revised statement of expenses is inaccurate. Mr. Rothmann's petition for attorneys' fees in the amount of $31,666.67 and $11,690.16 is granted.  (The City is authorized to make checks in the fee amounts as requested by Mr. Rothmann's petition.)